## Le Conte *vs.* Pendleton.

THE declaration in this caufe confifted of a fin-
gle count in debt on judgment, rendered in the
State of Georgia, to which the defendant pleaded.

1ft, *Nul tiel record,* and

2d, *Nil debet,* with notice of fpecial matter.

It was then moved that the defendant fhew caufe
why one of the pleas fhould not be ftruck out.

*Harrifon* for plaintiff, in behalf of the motion,
infifted that the Record of Georgia is, by the Con-
ftitution of the United States, entitled to implicit
faith; and if fo, the two pleas could not ftand to-
gether; or if fuch faith is not to be given, the plea
of *nul tiel record* is a mere nullity, and ought to be
ftruck out, and cited to this point, I. Douglafs 6.
2. Dallas 302. 1 Cromp. Prac. 173. He alfo
contended that one plea being triable by the Court,
and the other by the Jury, it was an additional
reafon why they ought not to be allowed to ftand
together.

The defendant contended in reply, that the iffue
on *nul tiel record* to judgments rendered in *other*
States, can only be an iffue to the *country,* and that
therefore both thefe pleas muft be tried in the fame
manner. He relied on the cafe of Walker and
another *vs.* Willer. Douglafs 1.

The Court, without giving any opinion on what was also made a question between the parties, whether *nul tiel record* was at all pleadable in the case, granted the plaintiff the following rule, viz.

" *Ordered,* That only one of the two pleas in " this cause be allowed, and that the defendant, " within four days after notice of this rule, do, or " in default thereof that the plaintiff may elect " which shall be allowed, and that the other plea " shall be deemed disallowed."  Vide the case of *Carnes vs. Duncan, admr.* ante, p. 35.